IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 09-0068

_____

IN RE THE PETITION AND MEMORANDUM      )
IN SUPPORT OF REVISION OF THE RULES ON      )      O R D E R
THE UNAUTHORIZED PRACTICE OF LAW      )

_____

The members of the Commission on Unauthorized Practice (the Commission) have petitioned the Court to adopt proposed revisions to the Rules on the Unauthorized Practice of Law (Rules), with the stated purpose of simplifying procedural mandates and restricting the scope of the Commission's obligations to those that can be accomplished within its limited budget. The Commission further asks that the proposed rule changes be published and comments be solicited from the Bar membership and public before the Court considers the request for revisions.

THEREFORE,

IT IS ORDERED that this Court will accept written public comments on the attached proposed revisions to the Rules until 5:00 p.m. on April 20, 2009. Each person submitting comments shall file an original and 7 copies of his or her comments with the Clerk of this Court within the time provided.

IT IS FURTHER ORDERED that a copy of this Order with the attached draft copy of the proposed revisions to the Rules be electronically published on the State Bar of Montana website, http://www.montanabar.org, and on the website for the Judicial Branch, http://www.courts.mt.gov, and that notice of this Order be published in the next available issue of *The Montana Lawyer*.

IT IS FURTHER ORDERED that notice of this Order be provided to the Executive Director of the State Bar of Montana, the editor of *The Montana Lawyer*, the State Law Librarian, the Clerks of the District Court with the request that they provide copies to all District Judges in their county, the Clerks of the Federal District Court for the District of Montana, and each member of the Commission.

Dated this 19th day of February, 2009.

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

**IN RE THE REVISION OF THE 2000 RULES
ON THE UNAUTHORIZED PRACTICE OF LAW**

**DRAFT # 1**

RULE 1 – PURPOSE; JURISDICTION; EFFECTIVE DATE

(a) Statement of Purpose. The public interest requires that in securing professional advice and assistance upon matters affecting one's legal rights, one should have assurance of the competence and integrity of his or her~~e~~ legal representative and should ~~enjoy freedom~~ benefit from the protections afforded by the attorney client ~~of full disclosure under a recognized~~ privilege and ~~of~~ confidentiality and the other protections of the Montana Rules of Professional Conduct. To protect the public interest it is deemed necessary to establish guidelines of the investigation of complaints and the procedures to be followed to eliminate the unauthorized practice of law as defined within the laws of the State of Montana.

(b) Jurisdiction. Pursuant to the provisions of Article VII, Section 2, of the Constitution of the State of Montana, the Montana Supreme Court has the inherent jurisdiction to prohibit the unauthorized practice of law.

(c) Complaints, testimony and other presentation or arguments submitted to the Commission on Unauthorized Practice of Law, an investigative committee, any member of the commission or of any such committee, and any commission investigator or special counsel, all proceedings and conduct maintained or engaged in, and all testimony and showings with respect to any of said matters shall be public record, in accord with Montana Constitution Article II, section 9, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure. ~~confidential except to respondent unless action pursuant to Rule 8 in initiated.~~ The Commission may share otherwise private or confidential information with law enforcement authorities, the Montana Supreme Court's Office of Disciplinary Counsel, Montana's Consumer Protection Office and other authorities to permit them to investigate or otherwise pursue enforcement of the violation of these Rules.

(d) Effective date. These rules shall become effective on ~~March 20, 2000~~ _____. Any formal proceeding pending upon adoption of these rules shall be concluded under these rules.

RULE 2 – DEFINITIONS

As used in these Rules, the following terms have the following meanings, unless expressly otherwise provided, or as may result from necessary implications.

(a) Complaint. "Complaint" means the individual or entity alleging that a person or entity has engaged in the unauthorized practice of law.

(b) Commission. "Commission" means the Commission on Unauthorized Practice of Law appointed by the Supreme Court.

(c) Court or Supreme Court. "Court" or "Supreme Court" means the Supreme Court of the State of Montana.

(d) Record. "Record" means the formal parts of the record of proceedings involving the review of allegations of unauthorized practice of law, including the letter of complaint; the respondent's response to the complaint; all notices ~~of hearings~~; all pleadings, or motions; all exhibits marked and offered in evidence; the transcript of testimony; the findings and recommendations of the boards and committees; all orders imposing sanction; and all Cease and Desist Affidavits.

(e) Respondent. "Respondent" means an individual alleged to have engaged in the unauthorized practice of law.

(f) Rules or These Rules. "Rules" or "These Rules" means the Rules One through Eleven hereof.

(g) State. "State" means the State of Montana.

(h) Unauthorized Practice of Law. "Unauthorized Practice of Law" means the practice of law without being first duly qualified, as prohibited by statute, court rule, or case law of the State. Indicia of the practice of law include:

1

i.  The giving of advice or counsel to others as to their legal rights or responsibilities or the legal rights or responsibility of others.
ii.  Selecting, drafting and completing legal papers, pleadings, agreements and other documents which affect the legal rights or responsibilities of others.
iii.  Appearing, or attempting to appear, as a legal representative or advocate for others in a court or tribunal (as defined within the Montana Rules of Professional Conduct) of this state.
iv.  Negotiating the legal rights or responsibilities of others.
v.  Holding one's self out or advertising one's self as an attorney admitted to practice la in Montana; or, holding one's self out as a non-attorney entitled to practice law in Montana; or otherwise advertising services in a manner that would reasonably mislead the public to believe that one is an attorney, or otherwise licensed or certified legal advocate in the courts or tribunals of the State of Montana.

RULE 3 – COMMISSION ON UNAUTHORIZED PRACTICE OF LAW
    (a) Membership.  The Supreme Court shall appoint a ~~nine (9)~~ seven (7) member commission to be known as the "Commission on Unauthorized Practice of Law." The Supreme Court shall appoint these members with as much geographical and professional diversity as possible, and include both lawyers and non-lawyers.  The seven ~~nine~~ members shall be composed of:
    (1) One chairperson who shall be a resident of the state and either a practicing lawyer or non-lawyer.
    (2) Three (3) ~~Four (4)~~ practicing lawyers who shall be residents of the state and licensed and admitted to practice in the state.
    (3) Three (3) ~~Four (4)~~ non-lawyer members, who shall be residents of the state.
    ~~(b) Term. Of the initial members of the Commission appointed by the Supreme Court:~~
    ~~(1) One lawyer member and one non-lawyer member shall be appointed for an initial term ending January 1, 2001.~~
    ~~(2) Two lawyer members and on non-lawyer member shall be appointed for an initial term ending January 1, 2002.~~
    ~~(3) Two Lawyer members and two non-lawyer members shall be appointed for an initial term ending January 1, 2003.~~
    ~~Subsequent~~ Terms of all members shall be for three (3) years.  Subsequent members shall be appointed by the Supreme Court.  In the event of a vacancy in the Commission, a successor shall be appointed by the Supreme Court for the unexpired term of the member whose office vacated.  Members of the Commission may terminate their membership at their pleasure and their membership may be terminated by the Court at its pleasure.
    (c) Officers.  The Supreme Court shall appoint a chairperson of the commission.  The chairperson shall appoint a vice-chairperson and a Secretary.  The chairperson, and in his or her absence the vice-chairperson, shall be responsible for calling and presiding over meetings of the Commission. ~~and for certifying to the Supreme Court al recommendations concerning matters which come before the commission.~~
    (d) Quorum. ~~Five (5)~~ Four (4) members of the commission shall constitute a quorum.  All decisions of the commission must be by majority vote of those present at a meeting at which a quorum is present.
    (e) Meetings.  ~~Members of the commission shall meet at times and places designated by the chairperson or, in the absence of the chairperson by the Vice-Chairperson, who shall determine the agenda for meetings.~~ Meetings of the Commission may be held by conference telephone or similar communications equipment or by mail including facsimile and electronic mail.
    (f) Duties and Powers.  The commission shall have the following powers and duties:
    (1) To ~~receive~~ investigate complaints of unauthorized practice of law, whatever the source of the complaint;
    ~~(2) To receive complaints for investigation;~~
    (2) ~~(3)~~ To supervise and be responsible for the investigations;
    (3) ~~(4)~~ To review investigative findings relative to complaints of unauthorized practice of law;
    (4) ~~(5)~~ To make and submit findings and recommendations, together with the record of the proceedings before it, to the Supreme Court;
    (5) ~~(6)~~ To adopt additional rules of procedure subject to approval of the Supreme Court.
    (6) ~~(7)~~ To issue cease and desist letters and accept Cease and Desist Affidavits seeking voluntary compliance with unauthorized practice of law statutes, rules and case law;
    (7) ~~(8)~~ To take action as authorized by Rules Five, Six and Seven ~~(b)~~.

2

(8) ~~(9)~~ Conflicts.  Members of the commission shall refrain from taking part in any proceedings in which a judge, similarly situated, would be required to abstain.  ~~If, in any given case, the number of commission members who may properly render a decision falls below a quorum, the Supreme Court may appoint, for that case only, the number of *ad hoc* members necessary to restore the commission to full membership.  Each *ad hoc* member shall fulfill all the responsibilities of the member who he or she replaces.~~

~~RULE 4  INVESTIGATIVE COMMITTEES~~
~~(a) Appointment.  The commission chairperson may, from time to time, appoint commission members to investigative committees to investigate complaints.  Each committee shall consist of three members and at least one shall be a lawyer and at least one shall be a non-lawyer.  Any procedural rules deemed necessary by commission for committee operations shall be established by the commission from time to time.  Investigative committees shall have the powers and duties hereinafter set forth.~~
~~(b) Quorum. A majority of the members shall constitute a quorum of the investigative committee.  The investigative committee shall act only with the concurrence of a majority of the members present at a meeting at which a quorum is present.  The investigative committee may elect a chairperson from among its members.~~
~~(c) Powers and Duties. Investigative committees are investigatory bodies and shall investigate matters that area assigned to them by the Commission.  Each investigative committee shall have to following powers and duties:~~
~~(1) To take and have transcribed the testimony and evidence of witnesses who may be sworn by any person authorized by law to administer oaths;~~
~~(2) To make prompt written report of its investigations and findings to the Commission on Unauthorized Practice of Law;~~
~~(3) To submit to the commission its report, together with the record of any proceedings before it.~~
~~(e) Compensation and Expenses.  Members of an investigative committee shall receive no compensation for their services but may be reimbursed for their travel and other expenses incidental to the performance of their duties under these rules.~~

RULE ~~5~~ 4 -- ~~SPECIAL~~ INVESTIGATORS AND SPECIAL COUNSEL
   (a) ~~Special~~ Investigators.  The commission chair or vice chair may appoint investigators, either lawyers or non-lawyers, to investigate complaints and report to the Commission.
   (b) Special Counsel.  If, as hereinafter provided, the Commission determines that a formal proceeding ~~complaint~~ should be filed to stop or prevent the unauthorized practice of law, the Commission may appoint special counsel for the purpose of initiating a proceeding ~~preparing and filing such a complaint~~ and conducting the prosecution thereof seeking remedies among those available in accord with the law.  Special counsel shall be lawyers who are residents of the State of Montana and who are duly licensed and admitted to practice in the State of Montana.

RULE ~~6~~ 5 – INVESTIGATION AND PRELIMINARY PROCEEDINGS
   (a) Form of Complaints.  All complaints alleging the unauthorized practice of law shall be referred to the commission chair. ~~all~~ It is preferred that complaints ~~shall~~ be in writing and signed by the complainant.  A complaint need not be submitted in writing to initiate an  investigation under these Rules.
   (b) Notification to Respondent of Complaints.  Upon receiving ~~the~~ a complaint, the commission chairperson shall immediately notify the respondent in writing of the complaint and attach the written complaint from the complainant or other information resulting in the initiation of the investigation.  The written notification shall request a response from the respondent.  It shall also notify the respondent that he or she may be subject to civil complaint and criminal prosecution for the unauthorized practr5ice of law and the respondent may want to seek advice from a lawyer before responding.
   (c) Screening Complaints.  All complaints alleging the unauthorized practice of law shall be referred to the commission chair. If upon preliminary consideration by the commission chair ~~and~~ or vice chair, it appears that the facts do not indicate the unauthorized practice of law, the commission chair or vice chair may dismiss the matter and so notify the complainant and respondent.  If the matter is not dismissed by the commission chair or vice chair after preliminary consideration, the commission may take one of the following actions:
   (1) Write to the respondent informing the respondent that he or she may be engaging in the unauthorized practice of law and request the respondent cease his or her activity.  If the respondent agrees in writing to cease

3

his or her activity, <u>completes a Cease and Desist Affidavit,</u> or the commission determines that the respondent is not engaged in the unauthorized practice of law, the commission may dismiss the complaint or hold the complaint in a pending status.  The complaint and respondent shall be notified of the commission's action or decision.

(2) Refer the matter for investigation ~~either to an investigative committee or~~ to an investigator.  Unless the commission directs otherwise, the respondent shall be notified by the commission that the matter has been referred to ~~an investigative committee or~~ an investigator and the respondent shall be afforded an opportunity to be heard ~~by the investigative committee or~~ by the investigator.  After completion of <u>an</u> investigation~~s~~ , ~~investigative committees or~~ <u>an</u> investigator~~s~~ shall submit to the commission a written report.  ~~Investigative committees and I~~ <u>Investigators</u> may, but are not required to, submit with their reports recommendations<u>.</u> ~~that formal complaints be filed against respondents or that charges be dismissed.~~  The commission is not bound by such recommendations.

(d) Action by Commission. Upon receipt of the ~~investigative committee's or~~ investigator's findings and recommendations, the Commission shall review the matter on the record before it to determine if there is probable cause to believe the respondent has engaged, or is about to engage, in the unauthorized practice of law. Following receipt of the report, the commission may:

(1) Adopt, modify or reject the findings and recommendations;

(2) Remand the matter to ~~the investigative committee or~~ <u>an</u> investigator for further investigation;

(3) Issue a cease and desist letter and/or seek assurance of voluntary compliance from the respondent;

~~(4) Approve the filing of a civil injunctive proceeding as provided in rule eight (8)(a);~~

~~(5) Approve the filing of a civil contempt proceeding as provided in rule eight (8)(b);~~

~~(6) Recommend the filing of a criminal contempt proceeding as provided in rule eight (8)(c).~~

<u>(4) Obtain a Cease and Desist Affidavit from the respondent;</u>

<u>(5)  Share the results of the investigation with law enforcement authorities, the Montana Supreme Court's Office of Disciplinary Counsel, Montana's Consumer Protection Office or other authorities to permit them to investigate or otherwise pursue enforcement of the violation of these Rules.</u>

<u>(6)  The commission may request Montana's Consumer Protection Office to pursue remedies available within that Office's jurisdiction.</u>

<u>(7) The commission may request the county attorney in the county where the alleged violation occurred to file and pursue a civil injunctive proceeding or for civil or criminal contempt, pursuant to §37-61-210, MCA and §45-7-309, MCA, respectively.</u>

<u>(8) If the county attorney does not act or is unable to act, the commission may contact the attorney general and request that the attorney general pursue the alleged violation.</u>


RULE ~~7~~ <u>6</u> – VOLUNTARY COMPLIANCE

(a) Upon a determination or agreement that the unauthorized practice of law has occurred, the commission may accept an assurance of voluntary compliance that respondent will not continue the unauthorized practice of law.  An assurance of voluntary compliance shall be ~~in writing~~ <u>a Cease and Desist Affidavit or other writing</u> and shall be filed in the official records of the commission.

(b) A violation of <u>a written</u> ~~such~~ assurance of voluntary compliance <u>or Cease and Desist Affidavit</u> shall establish a presumption that the person subject thereto knows, or in the exercise of due care should know, that he or she has violated the law prohibiting the unauthorized practice of law.

(c) In the event the commission accepts a~~n~~ <u>written</u> assurance of voluntary compliance <u>or Cease and Desist Affidavit</u> that a respondent will not continue the unauthorized practice of law, the commission may continue its investigative and adjudicatory functions under rule ~~eight (8)~~ <u>five (5)</u> to conclusion.

~~RULE 8 – FORMAL PROCEEDINGS~~

~~Formal proceedings shall be initiated and processed under the following procedures:~~

~~(a) Civil Injunctive Proceedings.~~

~~(1) Complaints shall be by written petition filed in the commission's name with the district court in the district in which the respondent resides or maintains his or her principal place of business or where the violation occurred.~~

~~(2) Each such petition shall b e processed in the district court in accordance with the Montana Rules of Civil Procedure and the laws of the State of Montana.~~
~~(3) Nothing set for the herein shall be construed to prohibit or limit the right of the district court to issue a permanent injunction in lieu of or in addition to any punishment imposed for a civil contempt.~~
~~(4) The commission may request the county attorney in the county where the alleged violation occurred to file and pursue the civil injunctive proceeding.~~
~~(5) If the county attorney does not act or is unable to act, the commission may contact the attorney general and request that the attorney general pursue the alleged violation.~~
~~(c) Criminal Contempt Proceedings.~~
~~(1) If a respondent violates court-ordered injunction, the commission may request the county attorney in the county where the alleged violation occurred to prosecute the respondent for criminal contempt, pursuant to §45-7-309, MCA.~~
~~(2) Once the commission has recommended prosecution to the county attorney, the Commission shall take no further action unless the county does not act or is unable to act. In that event, the commission may contact the attorney general and request that the attorney general pursue the alleged violation.~~

RULE ~~9~~ 7 – OATHS, SUBPOENA POWER AND DISCOVERY
   (a) Oaths. Any member of the commission ~~and any member of an investigative committee~~ may administer oaths and affirmations in matters pending before the commission.
   (b) Subpoenas. The chair person or vice-chairperson of the commission may, at the request of an ~~investigative committee or~~ investigator, special counsel, or respondent, compel, by subpoena, the attendance of witnesses and the production of pertinent books, papers, and documents.
   Any person subpoenaed to appear and give testimony or to produce pertinent books, papers or documents, who fails or refuses to appear or to produce such books, papers, or documents, or any person having been sworn to testify, who refuses to answer any proper questions, may upon request of the commission be cited for contempt of the Supreme Court~~, which proceeding may be brought by the commission in any district court in the State, the Supreme Court hereby granting the jurisdiction to hear such contempt proceedings to the district courts. Proceedings before a district court shall be had as in cases of other contempts. A district court may, upon proper application, enforce the attendance of any witness and the production of any documents subpoenaed~~.
   (c) Quashing Subpoena. Any attack on the validity of a subpoena so issued shall be heard and determined by the chairperson of the commission, subject to review by any district courts of the state, the Supreme Court hereby granting to the district courts the jurisdiction to hear such proceedings.
   (d) Discovery. Special counsel and respondent shall be afforded reciprocal discovery. Disputes concerning the scope and other aspects of discovery shall be determined by the chairperson of the commission.

RULE ~~10~~ 8 – COMMISSION AND STAFF JUDICAL IMMUNITY
In exercising its functions and powers, the commission, its members, employees and all personnel through whom the commission functions, shall enjoy such judicial immunities as the Montana Supreme Court would enjoy if performing the same functions.

RULE ~~11~~ 9 – COMPENSATION AND EXPENSES
   (a) Commission and Investigative Committee Members. The members of the Commission ~~and the members of an investigative committee~~ shall receive no compensation for their services. Upon approval by the chairperson or the source of the funds and if funds are available, members may be reimbursed for their travel and other expenses reasonably incurred by them in the performance of their duties under these rules.
   (b) Investigators and Special Counsel. Upon approval by the chairperson or the source of the funds and if funds are available, investigators and special counsel shall be compensated in such amounts, and shall be entitled to reimbursement for travel and other expenses reasonably incurred by them in the performance of their duties under these rules.
   (c) Witness Fees. Witness fees and mileage for witnesses in commission or investigative committee proceedings shall be the same as provided by law for witnesses in civil actions in the district courts of the State of Montana.